UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK GRAVES | : |
| | : |
| VS. | : CIVIL NO. |
| | : |
| STATE OF CONNECTICUT | : |
| DEPARTMENT OF EMERGENCY | : JANUARY 6, 2020 |
| SERVICES AND PUBLIC PROTECTION | : |

## COMPLAINT

1. This is an action pursuant to the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60(b)(1), *et seq.,* the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq.,* to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant denied the plaintiff of a reasonable accommodation of his disability and retaliated against him because he complained about it.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.

4. During all times mentioned in this action, the defendant was, a Department in the Executive Branch of the State of Connecticut. It is and at all relevant times was an

employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned.

6. The plaintiff is a thirty six year old male who is completely reliant on a power wheelchair for mobility due to a progressive muscle condition (Limb Girdle Muscular Dystrophy 2a). He cannot walk and has not walked in over ten years. Plaintiff also has limited strength in my upper body.

7. The plaintiff has been a civilian employee of the Defendant since January 14, 2013.

8. Upon being hired by the Defendant, and after successfully completing the intense eight-week dispatcher academy, he was assigned to State Police Troop C in Tolland, Connecticut, and placed on midnight shift.

9. During his second week on the job, plaintiff overheard Trooper Corradi state to his trainer: "I hear we're getting a new dispatcher in a wheelchair, and I hear he can't reach above his head. How the fuck is he gonna do this job?"

10. During his years at Troop C, a recurring issue was the lack of adequate handicap restroom facilities. As a result, at times it was necessary for the plaintiff to drive his personal vehicle to a nearby hospital in Vernon to use their facilities.

11.. Plaintiff frequently complained about the lack of accommodation of his disabilities at Troop C, but Master Sergeant Charles York repeatedly told him he felt the Respondent already "had done enough" in that regard.

12. In October 2015 plaintiff was transferred to the Defendant's state headquarters at 1111 Country Club Road in Middletown. Three issues immediately became apparent: (1) there was no assigned parking, causing him to have to park far away from the building; (2) the restroom stalls were very small and inadequate to accommodate his wheelchair; (3) there were no wireless headset phones. Plaintiff immediately brought all three of these issues to the attention of management.

13. It took one year before he was given an assigned parking space.

14. Adequate restroom facilities still have not been provided. As a result, it sometimes was necessary for plaintiff to drive home to use a restroom. When he did so, he sometimes was docked pay for the time he was away from headquarters.

15. Wireless headset phones still have not been provided, and as a result the plaintiff has been limited in his ability to perform his job and the physical stress of the job has been needlessly increased.

16. On April 12, 2018, plaintiff received a text from his supervisor, Sgt. Cabelus, confirming that he had an H.R. meeting that day. Plaintiff confirmed, expecting that the purpose of the meeting was to discuss his reasonable accommodation requests which had been pending for some time.

17. Upon arriving for the meeting, plaintiff discovered that Sgt. Cabelus intended to use the meeting solely for the purpose of imposing discipline upon him for what he claimed were insufficiencies in the plaintiff's performance of his responsibilities, stating that "you're out so much I can't depend on you." Plaintiff explained to him that the nature of his disability is that he has good days and he has bad days and that he can't

help that.  He responded, smiling:  "Well it sounds like those are the days you shouldn't be here."

18. Sgt. Cabelus has reprimanded the plaintiff for tardiness on days when he was late getting to work because of his need to use toilet facilities at home because the facilities at work will not accommodate him, and for failing on some occasions to meet artificial "quotas" he has set regarding completion of the Silver Alert Log.  Plaintiff has explained to him that the nature of his disability is that it waxes and wanes and meeting regular quotas simply is not possible at all times.  He has refused to recognize or accommodate these realities.

19. On April 13, 2018, the plaintiff was placed on administrative leave because heI accused Sgt. Cabelus of discriminating against him when he attempted to punish the plaintiff for his disability on April 12. .

20. On October 9, 2019 the plaintiff was notified by mail by Lt. Colonel Montini, Commanding Officer from the Office of Field Operations for DESPP,  that effective October 12, 2019 through November 28, 2019 discipline of a 30 day unpaid suspension was being leveled against the plaintiff for the incident which occurred on April 12, 2018.  It is the plaintiff's good faith belief that this suspension is the Defendant's retaliating against him further.

21. As a result, the plaintiff has suffered economic losses and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

  B.  Punitive damages in an amount this court shall consider to be just, reasonable and fair;

  C.  Back pay and front pay;

  D.  Attorney fees and the costs of this action;

  E.  Such other relief as this court shall consider to be fair and equitable.

          THE PLAINTIFF

      BY:_____/s/_____(ct00215)_____
         JOHN R. WILLIAMS (ct00215)
         51 Elm Street
         New Haven, CT 06510
         203-562-9931
         Fax: 203-776-9494
         jrw@johnrwilliams.com